NOT FOR PUBLICATION

FILED



NOV 27 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| CITY AND COUNTY OF<br>SAN FRANCISCO, | ) | No. 12-15473 |
| | ) | |
| | ) | D.C. No. 3:09-cv-01964-RS |
| Plaintiff, | ) | |
| | ) | MEMORANDUM* |
| and | ) | |
| | ) | |
| CENTRAL CITY SRO<br>COLLABORATIVE; SAN<br>FRANCISCO TENANTS UNION;<br>HOUSING RIGHTS COMMITTEE<br>OF SAN FRANCISCO, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiffs - Appellants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES POSTAL<br>SERVICE; JOHN E. POTTER;<br>MICHAEL DALEY, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants - Appellees. | ) | |
| | ) | |
| CITY AND COUNTY OF<br>SAN FRANCISCO, | ) | No. 12-15490 |
| | ) | |
| | ) | D.C. No. 3:09-cv-01964-RS |
| Plaintiff - Appellant, | ) | |
| | ) | |

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

|  |  |
|---|---|
| and | ) |
|  | ) |
| CENTRAL CITY SRO | ) |
| COLLABORATIVE; SAN | ) |
| FRANCISCO TENANTS UNION; | ) |
| HOUSING RIGHTS COMMITTEE | ) |
| OF SAN FRANCISCO, | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | ) |
|  | ) |
| UNITED STATES POSTAL | ) |
| SERVICE; JOHN E. POTTER; | ) |
| MICHAEL DALEY, | ) |
|  | ) |
| Defendants - Appellees. | ) |
|  | ) |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Argued and Submitted November 5, 2013
San Francisco, California

Before: FARRIS, FERNANDEZ, and IKUTA, Circuit Judges.

The City and County of San Francisco, Central City SRO Collaborative, San

Francisco Tenants Union, and Housing Rights Committee of San Francisco[1] appeal

the district court's grant of summary judgment in favor of the United States Postal

---

[1]Because all of the Appellants seek relief for the tenants, unless otherwise noted we will hereafter refer to Appellants collectively as "the City."

Service (USPS) on their claims that the USPS's use of single-point delivery of mail violated the right of tenants of single room occupancy (SRO) hotels to equal protection under the due process clause of the Fifth Amendment to the United States Constitution and their right to freedom of speech under the First Amendment to the United States Constitution. We affirm.

(1) The City first asserts that USPS violated SRO hotel tenants' equal protection rights when it delivered their mail using single-point delivery rather than centralized delivery. The former is the method generally used for hotels, and the latter is generally used for apartment houses and single family houses. The City asserts that the failure to treat SRO hotel tenants the same as apartment house tenants violates the formers' right to equal protection. We disagree. Equal protection requires that "all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439, 105 S. Ct. 3249, 3254, 87 L. Ed. 2d 313 (1985). That said, as the parties agree, rational basis review applies in this case, which means that the distinction made here "is presumed to be valid and will be sustained if the classification drawn . . . is rationally related to a legitimate [government] interest." Id. at 440, 105 S. Ct. at 3254; see also Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 589 n. 4 (9th Cir. 2008). That standard is satisfied if there is "any reasonably conceivable state of

3

facts that could provide a rational basis for the classification." FCC v. Beach

Commc'ns, Inc., 508 U.S. 307, 313, 113 S. Ct. 2096, 2101, 124 L. Ed. 2d 211

(1993). We agree with the district court that on this record it was rational for the

USPS to draw a distinction between SRO hotels and apartment houses based upon

the very design of the former as entities which, like regular hotels, allow for much

more transience. The USPS could rationally predict that if SROs were treated like

apartment houses, the effect would be detrimental to the efficiency and economics

of postal operations. The economic character of the effect does not doom it as

irrational. See Currier v. Potter, 379 F.3d 716, 731–32 (9th Cir. 2004). Rather,

USPS's use of single-point delivery service "is a rational response to the

inefficiencies and increased costs that would result from" use of centralized

delivery service for SRO hotels. Id. at 732. That distinction did not become

irrational because the USPS "grandfathered" and thus continued centralized

delivery service to the SRO hotels that had (contrary to USPS policies) been

receiving that service for over 90 days. That ameliorative approach was in accord

with USPS policies,[2] took account of reliance interests,[3] and while it made the

basic decision more incremental, government is not limited to all or nothing

---

[2]See United States Postal Operations Manual § 631.7 (July 2002).

[3]See City of New Orleans v. Dukes, 427 U.S. 297, 305, 96 S. Ct. 2513,
2518, 49 L. Ed. 2d 511 (1976).

4

solutions.[4]  Moreover, while the City points to some factual disputes, we agree

with the district court that none of those are sufficient to undermine or affect the

rational basis of the USPS's classification of SROs.  In short, the district court

properly determined that the record would not support a determination that the

USPS had violated the SRO hotel tenants' equal protection rights.

(2)     The City next asserts that the USPS violated the SRO hotel tenants'

free speech rights when it declared that it would use the single-point delivery

service approach.  Again, we disagree.  Again, our decision in Currier,[5] is

instructive; it sets out the relevant test.[6]  We agree with the district court that the

forum at issue here is centralized delivery, which is the portion of the mail delivery

system to which access is sought, as opposed to the mail delivery system as a

whole.  See Currier, 379 F.3d at 727–28; see also Rosenberger v. Rector & Visitors

of Univ. of Va., 515 U.S. 819, 830, 115 S. Ct. 2510, 2517, 132 L. Ed. 2d 700

(1995).  That, as the district court and the parties agree, is a nonpublic forum.  See

Currier, 379 F.3d at 729–30.  There is no claim that any restrictions imposed by

---

[4]See Williamson v. Lee Optical of Okla., Inc., 348 U.S. 483, 489, 75 S. Ct. 461, 465, 99. L. Ed. 563 (1955); Currier, 379 F.3d at 732.

[5]379 F.3d at 726–31.

[6]See id.; see also Cornelius v. NAACP Legal Def. & Educ. Fund, Inc., 473 U.S. 788, 797, 105 S. Ct. 3439, 3446, 87 L. Ed. 2d. 567 (1985).

USPS's use of single-point delivery are not both content neutral and viewpoint neutral. See id. at 730; see also Perry Educ. Ass'n v. Perry Local Educators' Ass'n, 460 U.S. 37, 46, 103 S. Ct. 948, 955, 74 L. Ed. 2d 794 (1983). Moreover, the limitations are otherwise reasonable for essentially the same reasons that they are rational. See Currier, 379 F.3d at 730; see also Alpha Delta Chi-Delta Chapter v. Reed, 648 F.3d 790, 798–99 (9th Cir. 2011). In fine, the USPS did not violate the First Amendment rights of the SRO hotel tenants.

AFFIRMED.